Dora Retting, Plaintiff, *v*. Anna Baff, Defendant.

Supreme Court. Kings County, April, 1923.

**Practice — pleading — summons and complaint entitled in the County Court — answer and subsequent papers entitled in the Supreme Court — trial in the Supreme Court — summons and complaint amended and entitled in the Supreme Court.**

Upon the acceptance by plaintiff's attorney of an answer entitled in the " Supreme Court " the action is effectually instituted in that court although the summons and complaint were entitled in the " County Court."

After the rendition of a verdict in favor of plaintiff upon the trial of the action in the Supreme Court, an order *nunc pro tunc* for the removal of the action from the County Court to the Supreme Court will not be granted, but under the demand in the notice of motion for general relief, the court will direct the amendment of the summons and complaint so that they shall be entitled in the Supreme Court to conform to the subsequent papers in the action.

Motion to remove action to Supreme Court.

*Nathaniel N. Holzer*, for plaintiff.

*M. Milton Gewertz*, for defendant.

Benedict, J. Plaintiff served a summons and complaint entitled in the County Court of Kings county. The answer and all subsequent papers were entitled in the Supreme Court, and the action was actually tried in the Supreme Court, and a verdict rendered in favor of the plaintiff. The defendant thereupon moved to set aside this verdict on the usual grounds. This motion, it would appear from the motion papers, has been denied by the justice who presided at the trial; but whether denied or not makes little difference on the present application. The present motion is to remove the action *nunc pro tunc* from the County Court to the Supreme Court. The only provisions of the Civil Practice Act authorizing the removal of an action from the County Court to the Supreme Court are those relating to a case in which the county judge and special county judge are disqualified (§§ 73, 190); to a case where the action is removed from another court to the Supreme Court for consolidation with an action in the latter court (§ 97), and to a

case where a mistake has been made in the court (§ 110). None of these sections seems to apply. The only one which might be claimed to apply is section 110; but there was no mistake here, because the action is one of which the County Court has jurisdiction.

However, I think the action is already in the Supreme Court. An action may be commenced by the voluntary appearance of defendant, without service of process; and when the defendant answered herein, entitling her answer in the Supreme Court, and that answer was accepted by plaintiff's attorney, that effectually instituted an action in the Supreme Court, although the summons and complaint were entitled in the County Court. Hence I regard a removal order as unnecessary, even if one might be made. Under the demand in the notice of motion for general relief, I will direct the amendment of the summons and complaint, so that they shall be entitled in the Supreme Court to conform to the subsequent papers in the action. This is entirely just to the defendant because it was her attorney who initiated the error; and she went through the trial in this court without objection and submitted her case to the jury; and it was only after an adverse verdict, rendered more than a year after she had received and retained notice of trial in this court, that she claims to have discovered the error. Certainly no substantial right of the defendant has been prejudiced and the mistake is not one affecting the merits of the action. No costs.

Settle order on notice.

Ordered accordingly.